ADAM P. BAILEY, SBN 278208
RICHARD J. FRYE, SBN 338369
HOBBS, STRAUS, DEAN & WALKER, LLP
1903 21st St. 3rd Floor
Sacramento, CA 95811
Telephone: 916-442-9444
Email: abailey@hobbsstraus.com
rfrye@hobbsstraus.com

LESTER J. MARSTON
California State Bar No. 081030
LAW OFFICES OF RAPPORT AND MARSTON
AN ASSOCIATION OF SOLE PRACTITIONERS
405 West Perkins Street
Ukiah, California 95482
Telephone: 707-462-6846
Facsimile: 707-462-4235
Email: ljmarston@rmlawoffice.net
*Attorneys for Picayune Rancheria of Chukchansi Indians dba Chukchansi Gold Resort & Casino*

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS dba CHUKCHANSI GOLD RESORT & CASINO, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITE HERE LOCAL #19, <br><br> Defendant. | Case No. 1:25-CV-00846-KES-SKO <br><br> **DECLARATION OF TRACEY HOPKINS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date: September 17, 2025 <br> Time: 1:30 p.m. <br> Courtroom: 6 <br> Before: Hon. Kirk E. Sheriff <br> Action Filed: July 13, 2025 <br> Oral Argument Requested |

I, Tracey Hopkins, declare:

1.    I am the Chairwoman of the Picayune Rancheria of Chukchansi Indians and the Chukchansi Economic Development Authority ("CEDA"). I am submitting this declaration in support of the Picayune Rancheria of Chukchansi Indians ("Tribe") motion for summary judgment. The information contained in this

1

declaration is of my own personal knowledge and, if called as a witness, I could and would competently testify thereto.

2.    The Tribe is a federally recognized Indian tribe organized under a written constitution which designates the Tribe's Tribal Council as the governing body of the Tribe. A true and correct copy of the Tribe's constitution is hereby incorporated by this reference and attached hereto as **Exhibit A.**

3.    The Tribe is the beneficial owner of the Picayune Rancheria ("Reservation"). Title to all of the Tribe's tribal trust lands located within the boundaries of the Reservation are owned by the United States of America in trust for the Tribe. Pursuant to 18 U.S.C§ 1151 all land within the boundaries of the Reservation is "Indian Country." A true and correct copy of a map showing the boundaries of the Reservation is hereby incorporated by this reference and attached hereto as **Exhibit B.**

4.    CEDA is a wholly owned enterprise of the Tribe. As the Chair of CEDA, I am familiar with the day-to-day operations of the Tribe's gaming facility.

5.    CEDA oversees the Tribe's economic development activities, including its Class III gaming activities conducted pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701–21 ("IGRA"). Pursuant to the IGRA the Tribe has enacted a gaming ordinance and entered into a Tribal-State Compact with the State of California. Pursuant to the Compact and Gaming Ordinance the Tribe comprehensively regulates all aspects of gaming on the Reservation.

6.    CEDA conducts gaming on the Reservation under the fictitious business name of the Chukchansi Gold Resort and Casino ("CGRC") as a tribal enterprise. CGRC is not separately incorporated from the Tribe. CGRC consists of a 402 room hotel, 2,020 slot machines, and 40 table games casino, 7 fine restaurants, a coffee shop and a conference center.

7.    As of July 3, 2025, roughly half of CGRC's employees were members of the Unite Here, International Union Local 19 ("Unite Here").

HOPKINS DECLARATION IN SUPPORT
[Case No. 1:25-CV-00846-KES-SKO]

8. Unite Here member employees are employed in a wide variety of roles, including bartenders, bell persons, buffet attendants, bus persons, cashiers, dishwashers, engineers, front desk representatives, guest room attendants, line cooks, runners, servers, slot floor persons, slot technicians, ground crew, facility maintenance workers, and valet drivers.

9. Demonstrators that have taken part in Unite Here's public assembly activities include its members that are CGRC employees.

10. On July 2, 2025, the Tribe's Tribal Council enacted Ordinance No. 0003, "An Ordinance of the Picayune Rancheria of Chukchansi Indians' Tribal Council Establishing Procedures to Regulate Time, Place and Manner of Public Assembly by Persons, Organizations, and Entities on the Picayune Rancheria and Tribal Trust Lands" ("Ordinance"), a true and correct copy of which is attached hereto as **Exhibit C**.

11. On July 3, 2025, counsel for the Tribe notified Unite Here via email of the Ordinance's enactment and enclosed a true and correct copy of the Ordinance to the email. A true and correct copy of that email is attached hereto as **Exhibit D**.

12. On July 7, 2025, counsel for Unite Here sent a letter via email to the Tribe's legal counsel titled, "Unite Here Local 19's Application for a Permit of Public Assembly Pursuant to the Picayune Rancheria of the Chukchansi Indians Ordinance No. 0003 [...] and Unite Here Local 19's Objections to the Ordinance" (hereinafter the "July 7 Letter"), a true and correct copy of which is attached hereto as **Exhibit E.**

13. The July 7 Letter included paragraphs corresponding to the seven subparagraphs of Section 1.020 of Ordinance § 1.020, titled "Application." Ex. E at 2.

14. In the July 7 Letter, Unite Here proposed to "engage in free speech and assembly activities, at some point between July 9 and July 31, 2025." Ex. E. at 2, para. 2.

3

HOPKINS DECLARATION IN SUPPORT
[Case No. 1:25-CV-00846-KES-SKO]

15. On July 9, 2025, the Deputy Tribal Administrator for the Tribe, responsible for overseeing, along with the Tribal Council, the day-to-day operations of the Tribal government, sent an email to Unite Here acknowledging receipt of the July 7 Letter. A true and correct copy of that email is attached hereto as **Exhibit F**.

16. The July 9, 2025 email enclosed a copy of the Public Assembly Permit Application as approved by the Tribe and advised Unite Here "that the **date, time, and duration of the proposed event must be clearly specified**" in the application. Ex. F.

17. On July 11, 2025, having no response from Unite Here, the Deputy Tribal Administrator resent the Application via email and reiterated therein the request that Unite Here submit a completed Application. A true and correct copy of that email and its attachments is attached hereto as **Exhibit G**.

18. The July 11, 2025 email included a map of the tribal lands identified by the Tribal Council as available for public assembly. The map identifies the designated area as a portion of the Tribe's trust lands on the northeast corner of Road 417 and Lucky Lane. Ex. G.

19. On July 12, 2025, Unite Here initiated picketing/demonstrations at 3:00 a.m. on Reservation trust land near the entrance to the CGRC's hotel and casino.

20. The demonstrating employees then began picketing at the entrances of the hotel and casino on the Tribe's trust lands within the Reservation at approximately 4:00 a.m.

21. By 6:30 a.m., approximately 50 Unite Here member employees began picketing at three locations at the hotel and casino: 1) a group of employees under the porte cochere awning at the entrance to the casino and the hotel; 2) a group of employees at the team-member entrance along the side of the casino; and 3) a group of employees at the intersection of Lucky Lane and the casino's shipping and receiving entrance west of the casino.

22. In response to the demonstration and protest, the Tribe contacted

4

Madera County Sheriff, Tyson Pogue, for assistance in enforcing the Ordinance requiring permits for public assemblies.

23. Sheriff Pogue responded via a letter stating that the Sheriff's office would not remove protestors under the Tribe's Ordinance "unless a valid court-issued injunction is obtained." A true and correct copy of that letter is attached hereto as **Exhibit H**.

24. On July 18, 2025 the Tribe transmitted to Unite Here a Temporary Public Assembly Permit (Permit No. 2025-PA-001) authorizing Unite Here to assemble "on tribal lands from 12:00 a.m. on July 19 to 11:59 p.m. on July 21, 2025." A true and correct copy of the email transmitting the temporary permit is attached hereto as **Exhibit I.**

25. The July 18, 2025 email included both: (1) a map "outlining the designated assembly area pursuant to Ordinance No. 003, § 1.050"; and (2) a copy of the Ordinance. Ex. I.

26. The July 18, 2025 email affirmed that the permit was "temporary pending receipt of a completed application." Ex. I.

27. As of the date of this declaration, Unite Here has not submitted to the Tribe a full and complete application that: (1) complies with the substantive requirements for permit applications in the Ordinance, and (2) that uses the Tribe's prescribed application form.

28. Unite Here and its members and organizers could avoid the application of the Tribe's Ordinance by moving their protest to the beginning of Lucky Lane Road, outside the boundaries of the Reservation, the only road that provides direct access to the Reservation and ultimately to the hotel and casino and which protest would still be visible to all people coming to and from the hotel and casino.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

HOPKINS DECLARATION IN SUPPORT
[Case No. 1:25-CV-00846-KES-SKO]

Executed this __th day of August, 2025 at Coarsegold, California.


_____

TRACEY HOPKINS, Declarant

HOPKINS DECLARATION IN SUPPORT
[Case No. 1:25-CV-00846-KES-SKO]

## CERTIFICATE OF SERVICE

I am employed in the County of Mendocino, State of California. I am over the age of 18 years and not a party to the within action; my business address is that of the Law Offices of Rapport & Marston, Sole Practitioners, 405 West Perkins Street, Ukiah, CA 95482.

I hereby certify that I electronically filed with the Clerk of the United States District Court for the Eastern District of California by using the CM/ECF system on August 13, 2025, which generated and transmitted a notice of electronic filing to the CM/ECF registrants in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 13, 2025.

/s/  Ericka Duncan
ERICKA DUNCAN, Declarant

HOPKINS DECLARATION IN SUPPORT
[Case No. 1:25-CV-00846-KES-SKO]

# EXHIBIT A

F  ;EIVED JUL 0 5 1988

# CONSTITUTION
## of the
## PICAYUNE RESERVATION

### PREAMBLE

We, the Chukchansi people of the Picayune Reservation, in order to form a tribal organization to handle our Tribe's affairs, improve the economic conditions of ourselves and our posterity, promote our common welfare, conserve and develop our land and other resources, encourage educational progress, and secure our powers of self-government, do hereby establish this Constitution.

### ARTICLE I - NAME

The name of this organized body shall be the Picayune Reservation, referred to hereinafter as "the Tribe."

### ARTICLE II - TERRITORY AND JURISDICTION

The jurisdiction of the Tribe shall extend to all lands comprising the Picayune Rancheria, as described in the Stipulation for Entry of Judgment entered in *Hardwick, et al. v. United States, et al.*, N.D. Cal. No. C-79-1710-SW, notwithstanding the issuance of any patent, and to all lands hereafter acquired in any manner by the Tribe.

### ARTICLE III - MEMBERSHIP

*SECTION 1. Membership*
(a) The membership of the Tribe shall consist of:
(1) All persons who were listed as distributees or dependent members of distributees in the plan for distribution of the assets of the Picayune Rancheria, as approved by the Secretary of the Interior on June 30, 1960.
(2) All persons of Chukchansi Indian blood who have a special relationship with the Tribe not shared by Indians in general, and who have received allotments of public land under the General Allotment Act of 1887, 25 USC § 331 *et seq.*, as listed on any official roll of the Bureau of Indian Affairs,.
(3) Persons who are direct lineal descendants of individuals eligible for membership under either subsection (1) or (2), regardless of whether the ancestor through whom eligibility is claimed is living or deceased, providing such descendant is of Chukchansi Indian blood.
(4) All persons of Chukchansi Indian blood who have a special relationship to the Tribe not shared by Indians in general, who have been accepted into membership under Section 2 of this Article.
(b) All applications for membership from any person of Chukchansi Indian blood shall be submitted to the Enrollment Committee, which shall rule on the application pursuant to an Enrollment Ordinance adopted by the Tribal Council.
(c) Nothing in this section shall affect property rights existing prior to ratification of this Constitution of any member of the Tribe.

*SECTION 2. Petitions for membership*
(a) At any time within one year of the date of ratification of this Constitution, any person of Chukchansi Indian blood who believes her/himself to be entitled to membership in the Tribe, and who does not fall within the provisions of Sections 1(a)(1), (2) or (3) of this Article, may petition the Tribal Council for admission into membership. The Tribal Council shall review such petitions and determine whether the petitioner has, has had, or is the descendant of a person of Chukchansi Indian blood who had, a special relationship with the Tribe not shared by Indians in general. If the Tribal Council determines that the petitioner is eligible for membership under this provision, the petitioner shall be accepted as a tribal member with all rights and responsibilities of membership, and her/his name shall be added to the Base Membership Roll.
(b) The Tribal Council may, in its discretion, extend the time for petitions under this section for up to one additional year.

*SECTION 3. Dual Enrollment*
No person shall be enrolled as a member of the Tribe if she/he is recognized as a member of any other tribe, band, or Indian community.

1

SECTION 4. *Base Membership Roll*

The Base Membership Roll (the Roll) shall be prepared in accordance with an ordinance adopted by the Tribal Council. Such ordinance shall contain provisions for establishment of an Enrollment Committee, enrollment procedures, including application forms, approval or disapproval of applications, rejection notices, and appeals procedures, for corrections to the Roll, and for keeping the Roll current.

## ARTICLE IV - GOVERNING BODY

SECTION 1. *General Council*

The General Council shall consist of all enrolled members of the Tribe, 18 years of age or older. The General Council shall exercise those powers delegated to it by this Constitution.

SECTION 2. *Tribal Council*

The Governing Body of the Tribe shall be known as the Tribal Council. The General Council shall elect from its own members by secret ballot a Tribal Council consisting of seven members.

## ARTICLE V - POWERS OF THE GOVERNING BODY

The Tribal Council shall have the following powers:

(a) to promulgate and enforce bylaws and ordinances necessary to carry out its powers under this Constitution;

(b) to promulgate and enforce ordinances governing the conduct of the members of the Tribe, and non-members within the Tribe's jurisdiction;

(c) to safeguard the peace, safety, morals, and general welfare of the Tribe;

(d) to confer with the Secretary of the Interior or his representative and make recommendations regarding the uses and disposition of tribal property;

(e) to prevent the sale, disposition, lease or encumbrance of tribal lands, interest in lands, or other community assets of the Tribe, *provided* that no tribal lands shall ever be sold or encumbered except for tribal purposes, or leased for a period exceeding five years, except that leases for mining purposes may be made for such longer periods as may be authorized by the Tribal Council;

(f) to purchase in the name of the Tribe any land or other property the Tribal Council may deem beneficial to the Tribe;

(g) to acquire under condemnation proceedings in courts of competent jurisdiction, land or other property;

(h) to administer and regulate the use and disposition of all Tribal property;

(i) to borrow money from any governmental agency, and to pledge or assign future Tribal income as security for such loans;

(j) to manage tribal funds in accordance with approved resolutions;

(k) to collect and expend any tribal funds within the exclusive control of the Tribe, and to recommend the expenditure of any other tribal funds;

(l) to regulate the conduct of business activities within the exterior boundaries of the Picayune Reservation;

(m) to manage all economic affairs and enterprises of the Tribe;

(n) to promulgate and enforce ordinances providing for taxes, assessments, and license fees upon all persons doing business within the exterior boundaries of the Picayune Reservation, and to grant special rights or privileges to, and otherwise regulate the conduct of business activities within the Picayune Reservation;

(o) to apportion available tribal funds for public purposes;

(p) to administer any funds within the control of the Tribe and to make expenditures of available funds for tribal purposes in accordance with a budget approved by the Tribal Council, *provided* that all expenditures of the tribal funds under the control of the Tribal Council shall be made only by resolution, duly approved at regular or special meetings of the Tribal Council, and that the amount so expended shall be a matter of record;

(q) to charter subordinate organizations for economic purposes and to regulate the activities of all cooperative associations of members of the Tribe by ordinance;

(r) to waive the Tribe's sovereign immunity from unconsented suit, *provided*, that any such waiver must be approved by a two-thirds majority of all members of the Tribal Council;

(s) to appoint necessary committees;

(t) to delegate to subordinate boards, or cooperative associations any of the powers enumerated herein, reserving the right to review any action taken by virtue of such delegated powers;

(u) to provide for the protection and preservation of tribal property, wildlife, and natural resources;

(v) to cultivate and preserve native Chukchansi arts, crafts, language, culture, and Indian ceremonials;

2

(w) to provide for the establishment of Tribal Courts for all purposes allowed by law, including exercising the Tribe's jurisdiction and protecting the rights and interests of the Tribe's members under the Indian Child Welfare Act, 25 U.S.C. § 1918;

(x) to exercise such further powers, consistent with this Constitution, as needed to carry out the powers listed herein.

## ARTICLE VI - MEETINGS

### SECTION 1. Tribal Council Meetings
Regular meetings of the Tribal Council shall be held on the fourth Monday of each month in a place designated by the Tribal Council. Special meetings of the Tribal Council may be called by the Chairperson and shall be called by her/him upon receipt of a petition signed by at least three Tribal Council members and when so called, the Tribal Council shall have the power to transact business as in regular meetings provided that a quorum is present. Council members shall be notified at least three days in advance of all special meetings.

### SECTION 2. Quorum
A quorum of the Tribal Council shall consist of four members of the Tribal Council. No business shall be transacted unless a quorum is present.

### SECTION 3. General Council Meetings
Regular meetings of the General Council shall be held quarterly. The date, time, and place shall be determined by the Tribal Council. Special meetings of the General Council may be called by the Chairperson of the Tribal Council upon receipt of a petition signed by at least 51% of the members of the General Council.

### SECTION 4. Quorum - General Council
A quorum of the General Council shall consist of 35% of the General Council. Once a quorum of the General Council has been established, a quorum shall consist of those present who may then conduct all business. If a quorum is not established, the Chairperson may then move to rescheduled or adjourn the meeting.

## ARTICLE VII - ELECTIONS

### SECTION 1. Members of the Tribal Council
Members of the Tribal Council shall be elected pursuant to an appropriate election ordinance, and shall serve until their successors are duly installed.

### SECTION 2. Voter Qualification
All enrolled members of the Picayune Reservation, who are 18 years of age or older are qualified voters.

### SECTION 3. Qualification of Candidates
Candidates for membership on the Tribal Council shall be qualified voters and shall reside within a 75 mile radius of the Picayune Reservation.

### SECTION 4. First Election
(a) The officers of the Tribal Council elected under the Constitution of the Picayune Reservation, approved March 31, 1987 ( hereinafter "the provisional Tribal Council"), sitting at the time of ratification of this Constitution, shall hold office until their successors are duly elected and seated. The first regular election of officials under this Constitution shall be held on within 30 days after ratification of this Constitution.
(b) At the first election held under this Constitution, the four candidates receiving the highest total of votes shall hold office for a period of two years. The first Chairperson, Secretary and Treasurer of the Tribal Council shall be elected from these four members. The three candidates receiving the next highest total of votes shall be elected for a term of one year. The Vice-Chairperson of the Tribal Council shall be elected from these three members. Thereafter, all terms of office shall be for two years.
(c) The date of the annual elections shall be determined by the Tribal Council. Tribal Council members shall hold office until their successors are duly elected and installed.

### SECTION 5. Nominations
The time, place, and manner of nominations shall be specified in the election ordinance adopted pursuant to Section 6 of this Article.

3

## SECTION 6. Election Ordinances

a) The Tribal Council shall adopt an Election Ordinance following the effective date of this Constitution. Such ordinance shall include but not be limited to the following provisions: secret balloting, nomination of candidates, absentee balloting, and procedures for resolving election disputes.

b) The Election Ordinance shall also include provisions regarding the conduct of recall and referendum elections, and a uniform procedure for submitting petitions. Elections to amend this Constitution shall be conducted in accordance with Article XII of the Constitution. The governing body is to conduct elections in accordance with the Election Ordinance.

## SECTION 7. Settlement of Election Disputes

All election disputes, including the determination of the qualifications of any voter or any candidate, if questioned, will be resolved by an Election Committee established under the Election Ordinance.

## ARTICLE VIII - OFFICERS

### Section 1. Election

The Tribal Council shall elect from its membership a Chairperson, a Vice-Chairperson, a Secretary and a Treasurer.

### Section 2. Duties of Officers

The duties of the officers of the Tribal Council shall be enumerated in bylaws adopted by the Tribal Council at its first regular meeting after taking office.

### Section 3. Qualifications

Officers of the Tribal Council shall:

(a) be 25 years of age or older;
(b) reside within a 75 mile radius of the Reservation.
(c) have attended at least eight Tribal Council meetings within the past year and have demonstrated an active involvement in Chukchansi affairs.

## ARTICLE IX - VACANCIES

Any office which has been vacated, whether by removal, recall, or forfeiture, shall be filled by appointment of the Tribal Council at its next meeting and such replacement shall serve the unexpired term of office.

## ARTICLE X - REMOVAL, RECALL, FORFEITURE

### SECTION 1. Removal

The Tribal Council may, by a majority vote, remove any member of the Tribal Council for neglect of duty or gross misconduct. Any Tribal Council member subject to removal shall be given due notice and an opportunity to be heard, and shall receive a written statement of charges against her/him at least 30 days before the meeting at which the removal will be voted upon.

### SECTION 2. Recall

Within 10 days of receipt of a petition signed by at least 51% of the qualified voters demanding the recall of any member(s) of the Tribal Council, the Tribal Chairperson shall call a special election on the question of the recall. The special election shall be held within 30 days from the date of the publication of the notice of the election. The election shall be held in the manner prescribed in the Tribe's Election Ordinance in accordance with Article VII, Section 6 of this Constitution. The decision of a majority of the voters voting in the recall election shall be final, provided that at least 30% of the qualified voters voted in the election.

### SECTION 3. Forfeiture

Any member of the Tribal Council, or other tribal official who, during the term for which she/he is elected or appointed, is convicted of a felony in any federal or State court shall automatically forfeit her/his office effective on the date of her/his initial conviction in court. Any official found guilty by the Tribal Council of behavior involving misconduct reflecting on the dignity and integrity of the Tribal Council, malfeasance in office, or gross neglect of duty, shall be removed from office by a majority vote of the Tribal Council, in accord with Section 1 of this Article. Any member who shall absent himself from three successive meetings without being excused for cause, shall forfeit all rights of Xhis office.

4

## ARTICLE XI - REFERENDUM

Upon presentation to the Tribal Council of a petition signed by 30% of the qualified voters, the Tribal Council shall either: (1) adopt the provision(s) of the petition by ordinance, resolution or other appropriate action; or (2) call an election at which the issue(s) presented by the petition may be voted on within 60 days, by secret ballot. The Tribal Council shall abide by the vote of the majority of the voters in any such elections, *provided* that at least 51% of the qualified voters have voted.

## ARTICLE XI - BILL OF RIGHTS

### SECTION 1.
All members of the Tribe shall enjoy without hindrance, freedom of worship, conscience, speech, press, assembly, and association.

### SECTION 2.
This Constitution shall not in any way alter, abridge or otherwise jeopardize the rights and privileges of the members of the Tribe as citizens of the State of California or the United States.

### SECTION 3.
Individual property rights of any member of the Tribe, vested prior to the adoption of this Constitution, shall not be altered, abridged, or otherwise affected by the provisions of this Constitution.

### SECTION 4.
Tribal members shall have the right to review all tribal records, including financial records, at any reasonable time in accordance with procedures established by the Tribal Council.

### SECTION 5.
The Tribe, in exercising its powers of self-government, shall not:
(a) make or enforce any law prohibiting the full exercise of religion, or abridging the freedom of speech or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances;
(b) violate the right of the people to be secure in their persons, houses, papers, and affects against unreasonable search and seizure, nor issue warrants, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized;
(c) subject any person for the same offense to be twice put in jeopardy;
(d) compel any person in any criminal case to be a witness against himself;
(e) take any private property for a public use without just compensation;
(f) deny to any person in a criminal proceeding the right to speedy trial, to be informed of the nature and cause of the accusation, to be confronted with their witnesses in favor, and, at his own expense to have the assistance of counsel for his defense;
(g) require excessive bail, impose excessive fines, inflict cruel and unusual punishments, and in no event impose for conviction of any one offense any penalty or punishment greater than imprisonment for a term of 6 months or a fine of $500 or both;
(h) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of laws;
(i) pass any bill of attainer or ex post facto law;
(j) deny to any person threatened with imprisonment the right, upon request, to a trial by jury of not less than 6 persons.

## ARTICLE XII - AMENDMENTS

This Constitution may be amended by a majority vote of the qualified voters of the Tribe voting at an election called for that purpose, *provided* that at least 35% of those entitled to vote shall vote in such election. It shall be the duty of the Tribal Council to call an election on a proposed amendment upon presentation of a petition signed by 30% of the eligible voters. No elections to amend this Constitution may be called except as provided herein.

## ARTICLE XIII - SEVERABILITY

If any provision of this constitution shall in the future be declared invalid by a court of competent jurisdiction, the invalid provision or provisions shall be severed and the remaining provisions shall continue in full force and effect.

5

## ARTICLE XIV - RATIFICATION

This Constitution shall be effective when ratified by a majority of the voters eligible to vote thereon, as determined by the provisional Tribal Council described in Article VII, Section 4, in a special election called by the provisional Tribal Council for that purpose.

# EXHIBIT B



# EXHIBIT "B"

LOCATED IN SECTIONS 20, 29 & 30,
TOWNSHIP 8 SOUTH, RANGE 21 EAST, M.D.M.
MADERA COUNTY, CALIFORNIA

SCALE 1"=500'

50' WIDE RIGHT-OF-WAY
GRANT DEEDED IN FEE
TO MADERA COUNTY PER
PER DOCUMENT VOL.
808, PG. 410, MCOR

VARYING WIDTH RIGHT-OF-WAY GRANT
DEEDED IN FEE TO MADERA COUNTY PER
DOCUMENT NO. 2002-043949, MCOR,
SUBJECT TO ROAD VACATION PER
DOCUMENT NO. 2010-005801, MCOR

15' WIDE RIGHT-OF-WAY
GRANT DEEDED IN FEE TO
MADERA COUNTY PER
PER DOCUMENT VOL.
1567, PG. 242, MCOR

N 1/4 COR.
SEC. 29, 8/21

P.O.B.

C 1/4 COR.
SEC. 29, 8/21

## LEGEND

MCR     MADERA COUNTY RECORDS
MCOR    MADERA COUNTY OFFICIAL RECORDS
———     PROPERTY LINE
– – –   INTERIOR PARCEL LINE

| SEGMENT TABLE | | | |
|---|---|---|---|
| SEG.# | BEARING/Δ | DIST./LEN. | RADIUS |
| 1 | S01°08'08"E | 1338.39' | |
| 2 | S88°40'54"W | 1315.92' | |
| 3 | N01°22'19"W | 1339.32' | |
| 4 | S88°48'16"W | 1322.60' | |
| 5 | S89°05'33"W | 417.16' | |
| 6 | Δ=4°50'56" | 341.86' | 4039.57' |
| 7 | S61°16'14"E | 258.29' | |
| 8 | N01°35'21"W | 413.52' | |
| 9 | N19°50'38"E | 315.37' | |
| 10 | N80°23'32"W | 33.53' | |
| 11 | N19°50'38"E | 100.09' | |
| 12 | Δ=2°08'05" | 150.51' | 4039.57' |
| 13 | N80°25'13"W | 33.33' | |
| 14 | Δ=3°32'48" | 252.09' | 4072.57' |
| 15 | S88°47'03"W | 34.22' | |
| 16 | Δ=3°17'39" | 232.26' | 4039.57' |

| SEGMENT TABLE | | | |
|---|---|---|---|
| SEG.# | BEARING/Δ | DIST./LEN. | RADIUS |
| 17 | Δ=3°12'05" | 225.71' | 4039.57' |
| 18 | N88°35'05"E | 473.40' | |
| 19 | N88°27'18"E | 251.79' | |
| 20 | N00°50'20"W | 24.32' | |
| 21 | S88°17'22"E | 403.46' | |
| 22 | Δ=21°51'07" | 34.32' | 89.99' |
| 23 | S00°08'29"E | 59.99' | |
| 24 | Δ=72°37'55" | 190.13' | 149.98' |
| 25 | S72°57'55"E | 253.35' | |
| 26 | N89°40'18"E | 607.99' | |
| 27 | S30°11'33"E | 302.14' | |
| 28 | N88°47'03"E | 42.91' | |
| 29 | N89°17'18"E | 1658.18' | |
| 30 | S01°05'35"E | 1329.94' | |
| 31 | S88°59'36"W | 1656.64' | |

| SEGMENT TABLE | | | |
|---|---|---|---|
| SEG.# | BEARING/Δ | DIST./LEN. | RADIUS |
| 51 | S80°23'32"E | 117.45' | |
| 52 | S80°24'26"E | 369.31' | |
| 53 | S18°42'20"W | 235.26' | |
| 54 | N80°25'25"W | 369.10' | |
| 55 | N18°39'08"E | 235.35' | |

LICENSED LAND SURVEYOR
NICHOLAS A. VAN LANDINGHAM
L.S. 8393
STATE OF CALIFORNIA

## JONES SNYDER & ASSOCIATES

P.O. BOX 2292, OAKHURST, CA 93644
(559)683-7661 WWW.JSSURVEYING.COM

DATE: 05/20/25    BY: RYAN DEWITT

FILE:V:\USA Dropbox\USA - ActiveJobs\2025\25-080 CASINO MERGER\CAD\Drawings\MERGER_EXHIBIT.dwg

# EXHIBIT C

PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS



*Physical Address*: 711 Lucky Lane, Coarsegold, CA 93614
*Mailing*: 46575 Road 417, Coarsegold, CA 93614

**ORDINANCE NO. 0003**

**AN ORDINANCE OF THE PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS' TRIBAL COUNCIL ESTABLISHING PROCEDURES TO REGULATE TIME, PLACE AND MANNER OF PUBLIC ASSEMBLY BY PERSONS, ORGANIZATIONS AND ENTITIES ON THE PICAYUNE RANCHERIA AND TRIBAL TRUST LANDS.**

The Tribal Council of the Picayune Rancheria of Chukchansi Indians ("Council") hereby ordains as follows:

Section 1.  Findings and Declarations.  The Council for the Picayune Rancheria of Chukchansi Indians ("Tribe") finds and declares that:

1.      The Tribe is a federally recognized Indian tribe organized under a written Constitution which designates the Council as the governing body of the Tribe.

2.      The Tribe is the beneficial owner of the Picayune Rancheria and various parcels of land outside the boundaries of the Reservation. Title to the Tribe's trust lands is owned by the United States of America in trust for the Tribe. All land within the boundaries of the Picayune Reservation and all other land owned by the United States in trust for the Tribe outside the boundaries of the Picayune Reservation (collectively "Reservation") is Indian Country under 18 U.S.C. § 1151 and is under the jurisdiction of the Tribe.

3.      The Tribe is the owner and operator of the Chukchansi Gold Resort & Casino ("Casino") that is open to the public. In addition, the Tribe as a government owns several governmental buildings from which it engages in the day-to-day operations of its Tribal government. Some of the Tribe's governmental buildings are open to its members and the public.

4.      In the past, people have conducted demonstrations on the Reservation that have blocked public access to the Casino and Tribal buildings; have engaged in conduct that has harassed patrons of the Casino; and have engaged in loud noises and demonstrations that has posed a threat to public safety and welfare.

5.      In order to protect both public safety and the right of tribal members and all persons that live, work and visit the Reservation to free speech under the Indian Civil Rights Act of 1968,

**1 of 5 | Regulating Time, Place and Manner of Public Assembly Ordinance**
**Chairwoman: _____ Date: 07/02/2025**
**Vice Chairman: _____ Date: 07/02/2025**

82 Stat. 77, 25 U.S.C. § 1301 et seq., and the Tribe's Constitution, while having the capability to maintain order, the Council has decided to adopt a system of issuing permits for lawful public assembly and to regulate the time, place and manner of such demonstrations and activities on the Reservation.

6.      By employing a permit system, the Council wishes only to regulate the time, place and manner of the public assembly, not the content of speech, to ensure safe access to and operation of the Casino and public buildings on the Reservation and to maintain and ensure the safety of all people that live, work, and visit the Reservation.

7.      To regulate, and gain and ensure compliance with the time, place and manner provisions of this Ordinance, the Council has authorized the imposition of civil penalty fines for violations and provided for the arrest, by the Sheriff of Madera County, Federal Officers and Tribal Police, in instances of trespass and for certain violations of this Ordinance.

8.      Unpaid civil penalty fines would be offset against the amount otherwise due and owing to the Tribe, by way of offset, and civil suit as authorized by this Ordinance.

9.      To ensure fair enforcement of the penalty provisions, the Council wishes to provide an appeals process for both the fact of the violation and the amount of any penalty imposed.

10.      The Council finds that it is in the best interests of the Tribe to adopt a permit system to protect freedom of speech while allowing tribal business to be conducted without disruption and to protect public safety.

Section 2.  Adoption of New Ordinance Entitled: "Public Assembly." A new Ordinance entitled "Public Assembly" is hereby added to the Tribe's Tribal Code and shall provide as follows:

## PUBLIC ASSEMBLY

Sections:

1.010  Purpose
1.020  Application
1.030  Permit Issuance
1.040  Permit Denial
1.050  Locations Available for Public Assembly
1.060  Permit Conditions
1.070  Maximum Time Period of Permit
1.080  Prohibited Acts
1.090  Permit Revocation
1.100  Civil Penalties
1.110. Appeals

Chairwoman: _____ Date: 07/02/2025
Vice Chairman: _____ Date: 07/02/2025

1.010 Purpose. Public assemblies, meetings, gatherings, demonstrations, parades and other public expressions of view by members of the Tribe are allowed within the Reservation, provided a permit therefore has been issued by a Tribal official duly authorized by a resolution of the Council to issue such permit.

1.020 Application. An applicant shall submit, no later than seven (7) days prior to the date of the proposed event, a written application for such a permit, in the form prescribed by the Tribe or a duly authorized Tribal official, which shall set forth:

1. The name and contact information of the applicant;
2. The date, time and duration of the proposed event;
3. The nature of the proposed event;
4. The proposed location of the event;
5. An estimate of the number of persons expected to attend;
6. A statement of the equipment and facilities proposed to be used; and
7. Any other information concerning time, place, or manner as may be reasonably required by the Tribe or a duly authorized Tribal official.

1.030 Permit Issuance. The duly authorized Tribal official shall, without unreasonable delay, issue a permit on a proper application unless:

1. A prior application for a permit for the same time and place has been submitted and that has been or will be granted and the activities authorized by that permit do not reasonably allow multiple occupancy of that particular area;
2. It reasonably appears that the event will present a clear and present danger to the public health or safety; or
3. The event is of such nature or duration that it cannot reasonably be accommodated in the particular location applied for, considering such things as damage to facilities or interference with regular Tribal business.

1.040 Permit Denial. If a permit is denied, the applicant shall be so informed in writing, with the reason(s) for the denial set forth.

1.050 Locations Available for Public Assembly. The Council shall designate on a map, that shall be available in the office of the Tribal Administrator, the locations available for public assembly. Locations may be designated as not available only if such activities would:

1. Cause injury or damage to Tribal facilities;
2. Unreasonably impair natural resources;
3. Unreasonably interfere with Tribal administration or business; or
4. Present a clear and present danger to the public health and safety.

1.060 Permit Conditions. The permit may contain such conditions as are reasonably consistent with protection and use of any area under permit. It may also contain reasonable limitations on the equipment used, noise levels and the time within which the event is allowed. No permit for public assembly shall be issued for time periods extending past sunset.

**3 of 5 | Regulating Time, Place and Manner of Public Assembly Ordinance**

Chairwoman: _____ Date: 07/02/2025
Vice Chairman: _____ Date: 07/02/2025

1.070 <u>Maximum Time Period of Permit</u>. No permit shall be issued for a period in excess of two (2) days, provided that permits may be extended for like periods, upon a new application, unless another applicant has previously requested use of the same time and place and multiple occupancy of that particular area is not reasonably possible.

1.080 <u>Prohibited Acts</u>.  It is prohibited for any person, organization or entity to engage in activities covered under this Ordinance that: obstruct or impede pedestrians or vehicles, harass members or residents with physical contact or threat, exceed noise levels specified in any permit issued under this Ordinance, or violate any permit condition. Any person, organization or entity who refuses to cease such activity will be deemed to be in trespass and subject to arrest by any authorized federal or Tribal law enforcement official and the Sheriff of Madera County, pursuant to Section 602(o) of the California Penal Code, which provides as follows:

> [E]very person who willfully commits a trespass by any of the following acts is guilty of a misdemeanor . . . [including] (o) Refusing or failing to leave land, real property, or structures belonging to or lawfully occupied by another and not open to the general public, upon being requested to leave by (1) a peace officer at the request of the owner, the owner's agent, or the person in lawful possession, and upon being informed by the peace officer that he or she is acting at the request of the owner, the owner's agent, or the person in lawful possession, or (2) the owner, the owner's agent, or the person in lawful possession. The owner, the owner's agent, or the person in lawful possession shall make a separate request to the peace officer on each occasion when the peace officer's assistance in dealing with a trespass is requested.

1.090 <u>Permit Revocation</u>. A permit may be revoked under a finding by a duly authorized Tribal official that any of the conditions listed in section 1.030 exist or will likely reasonably exist or that any condition(s) under section 1.060 have been violated. Such a revocation shall be made in writing, with the reason(s) for revocation clearly set forth, except under emergency circumstances, when an immediate verbal revocation or suspension may be made to be followed by written confirmation within seventy-two (72) hours (i.e., three [3] days).

1.100 <u>Civil Penalties</u>.  If any person, organization or entity violates the terms or conditions of a permit, the Council shall assess the following civil penalties:

1. $100 for a first violation;
2. $250 for a second violation;
3. $500 for a third violation.
4. For fourth and subsequent violations, such further amount as the Council, by resolution, deems necessary for further violations.

Unless paid within thirty (30) days of a final decision, the amount of unpaid civil penalty fines shall be set off against any per capita payment due the violator if a tribal member or added to any

**4 of 5 | Regulating Time, Place and Manner of Public Assembly Ordinance**

**Chairwoman** _____ **Date: 07/02/2025**
**Vice Chairman:** _____ **Date: 07/02/2025**

judgment entered in favor of the Tribe by any court of competent jurisdiction in furtherance of this Ordinance.

1.110. Appeals. An applicant or any other person against whom a violation or civil penalty has been issued may appeal in writing the fact of the violation or the amount of the civil penalty, or both, initially imposed by the Council for further consideration by the Council. The written appeal shall set forth the grounds for the appeal. The Council, in its discretion, may grant the appellant a hearing before the Council. Any decision by the Council in the matter of a civil penalty on appeal under this Ordinance shall be final.

Section 3. Amendments. This Ordinance may be amended at any time by the Council when the Council deems such an amendment is necessary to promote the general health, safety, and welfare of the Tribe or its members.

Section 4. Repeal of Prior Ordinances. All prior Ordinances previously enacted by the Council, which are inconsistent with the provisions of this Ordinance are hereby repealed. If the provisions of this Ordinance conflict with the provisions of any other Ordinance, the provisions of this Ordinance shall control.

Section 5. Effective Date. This Ordinance shall take effect immediately after its adoption by the Council.

## CERTIFICATION

The foregoing ordinance was adopted at a regular meeting of the Picayune Rancheria Tribal Council held on the 2nd day of June 2025, with a quorum present, by the following vote:

AYES:      6
NAYES:     0
ABSENT:  0
ABSTAIN: 0

PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS

By: _____
Tracey Hopkins, Chairwoman

ATTEST:

_____
Melvin Espe, Vice Chairman

Chairwoman: _____ Date: 07/02/2025
Vice Chairman: _____ Date: 07/02/2025

# EXHIBIT D

**Richard J. Frye**

---

| | |
|---|---|
| **From:** | Adam P. Bailey |
| **Sent:** | Thursday, July 3, 2025 1:56 PM |
| **To:** | Hector Azpilcueta; Christopher Mavroudis; Michael Gorczynski; Richard J. Frye; Enrique L. Fernandez; dglaser@unitehere.org; tdo@unitehere.org; Joseph H. Webster |
| **Subject:** | Tribal Time/Place/Manner Permitting Ordinance |
| **Attachments:** | Regulating Time, Place and Manner of Public Assembly Ordinance - PDF 07.02.2025.pdf |

All,

We have been informed by the Tribe that the Council has passed an ordinance requiring applications for permits for public assembly or similar events.

I am attaching it here as a courtesy.

Thank you,

Adam

**Adam P. Bailey**, *Partner*
**T** 916.442.9444
**HOBBS STRAUS DEAN & WALKER, LLP**
Sacramento, CA
HOBBSSTRAUS.COM



# EXHIBIT E



**Weinberg Roger & Rosenfeld**
A Professional Corporation

1375 55th Street
Emeryville, California 94608
TELEPHONE: (510) 337-1001
FACSIMILE: (510) 337-1023
Alan Crowley
acrowley@unioncounsel.net

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
LINDA BALDWIN JONES
ALAN G. CROWLEY
KRISTINA L. HILLMAN♠
BRUCE A. HARLAND
CAREN P. SENCER
ANNE I. YEN
MANUEL A. BOÏGUES
KERIANNE R. STEELE♠
GARY P. PROVENCHER
EZEKIEL D. CARDER▶
LISL R. SOTO
JOLENE KRAMER
CAITLIN E. GRAY
TIFFANY L. CRAIN♠
DAVID W.M. FUJIMOTO
ANDREA C. MATSUOKA
ALEXANDER S. NAZAROV
SEAN W. McDONALD◀
KATHARINE R. McDONAGH
MAXIMILLIAN D. CASILLAS▲

—————

WILLIAM T. HANLEY
BISMA SHAHBAZ
MATTHEW J. ERLE
MICHAELA F. POSNER
ALEXANDER M. MILNE
WINNIE VIEN
NOREY L. NAVARRO♠
R. MAXWELL SINCLAIR
MIRANDA MAMMEN
ARDALAN "ARDY" RAGHIAN
SHANE M. REED
DOMINIQUE ARMSTRONG
MATTHEW C. FERNANDES
JONATHAN S. EZELL
MAX KOHN
COREY A. SHERMAN

—————

**OF COUNSEL**

ROBERTA D. PERKINS
ROBERT E. SZYKOWNY
ANDREA K. DON
ANTONIO RUIZ
MICHAEL J. HAYES▼
ASHLEY K. IKEDA●
JANNAH V. MANANSALA

—————

**LABOR EDUCATOR**

NINA FENDEL (Retired Attorney)

—————

Admitted in California, unless
otherwise noted
● Admitted in Hawaii
♦ Also admitted in Nevada
▶ Also admitted in New York and
Alaska
◀ Admitted in Nevada and
Washington
▲ Also admitted in Idaho
♠ Also admitted in New York
▼ Admitted in New York

July 7, 2025

**BY EMAIL AND OVERNIGHT MAIL**

Tracey Hopkins, Chairwoman
Picayune Rancheria of the Chukchansi Indians
46575 Road 417
Coarsegold, CA 93614-8776
THopkins@chukchansi-nsn.gov; THopkins@tcouncil.org

**Re:   UNITE HERE Local 19's <u>Application</u> for a Permit of Public Assembly Pursuant to the Picayune Rancheria of the Chukchansi Indians Ordinance No. 0003 (Time, Place, and Manner of Public Assembly Ordinance and UNITE HERE Local 19's <u>Objections</u> to the Ordinance**

Dear Ms. Hopkins:

This office represents UNITE HERE Local 19 ("Union").  The Union has been bargaining with the Picayune Rancheria of Chukchansi Indians ("Employer") for a successor collective bargaining agreement on behalf of approximately 650 hotel and casino employees for several months.  During this time, the Union's members have engaged in expressive activity protected by the First Amendment to the United States Constitution, the Indian Civil Rights Act, the National Labor Relations Act, the California Constitution, the Chukchansi Indians Tribal Relations Ordinance, and various California laws, on the walkways surrounding the Employer's casino and hotel, including, but not limited to rallies, bannering, and leafletting.  Law enforcement agencies issued no citations to any of the Union's members for rallying on the Employer's property and the Union has cooperated with the Employer regarding any rally issues.

On or around July 2, 2025, the Picayune Rancheria Tribal Council signed Ordinance No. 0003, the Ordinance Of The Picayune Rancheria Of The Chukchansi Indians' Tribal Council Establishing Procedures To Regulate Time, Place, And Manner Of Public Assembly By Persons, Organizations, And Entities On The Picayune Rancheria And Tribal Trust Lands.  ("Tribal Public Assembly Ordinance").[1]

The Employer did not inform the Union about this Ordinance until July 2, 2025, despite the Union and Employer's ongoing collective bargaining. The Ordinance clearly has impacts on the terms and conditions of employment and expressive activity of the Union's members. By failing to bargain over the Ordinance and its impacts, the Employer has violated the National Labor Relations Act, the Chukchansi Tribal Relations Ordinance, and Tribal State Gaming Compact

---

[1]   The Ordinance does not specify whom to serve with an application for a permit, thus the Union is serving the Chairwoman of the Picayune Rancheria Tribal Council and copying other Tribal Council and Employer representatives.

LOS ANGELES OFFICE
800 Wilshire Boulevard, Suite 1020
Los Angeles, CA  90017-2623
TEL 213.380.2344 FAX 213.443.5098

SACRAMENTO OFFICE
431 I Street, Suite 201
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

LAS VEGAS OFFICE
3199 E. Warm Springs Road, Suite 400
Las Vegas, NV  89120-3150
TEL 702.508.9282 FAX 510.337.1023

between the State of California and the Chukchansi Indians.  The Ordinance is also an attempt to impose an illegal prior restraint on the Union and its members' rights of free speech and assembly, protected by the First Amendment to the United States Constitution, the Indian Civil Rights Act, and the California Constitution.  The Ordinance is also vague, overbroad, and lacking in the criteria necessary to constitute a legal time, place, and manner restriction on free speech and assembly.

Despite the Union's objections to the legality of the Employer's Ordinance, and notwithstanding the Union's rights to assemble, the Union submits the following application for a permit pursuant to Section 1.020 of the Ordinance.  While the Ordinance does not include a "form prescribed by the Tribe" or a "map" for the "locations available for public assembly," the Union submits the following information as its application for a permit pursuant to Ordinance section 1.020, et. seq.:

1. **The Name and Contact Information of the Applicant**: UNITE HERE Local 19 ("Union") is the applicant.  It can be reached by contacting Enrique Fernandez, at 2302 Zanker Rd, 2nd Floor, San Jose, CA 95131, elfernandez@unitehere19.org, 559-269-2810 (cell).

2. **The Date, Time, and Duration of the Proposed Event**: The Union proposes to engage in free speech and assembly activities, at some point in time between July 9 and July 31, 2025, between the times of sunrise and sunset.

3. **The Nature of the Proposed Event**:  The Union's members will engage in expressive activity, such as rallying, bannering, and hand billing.

4. **The Proposed Location of the Event**: At all of the locations on the Employer's premises that were previously approved by the Employer/Casino, and where the Union held rallies for the last few months, including, but not limited to, the walkways near the Casino front doors, the "Porte cochere", and employee entrances.

5. **An Estimate of the Number of Persons Expected to Attend:** 30 people at any one time.

6. **A Statement of the Equipment and Facilities Proposed to be Used**: The Union and its members may occasionally use a bullhorn at a low volume.  This was agreed upon by the Sheriff and Casino security in the past.

7. **Any other information concerning time, place, or manner as may be reasonably required by the Tribe or a duly authorized Tribal Official:**  The Union and its members will not block the ingress/egress of the Employer's facilities, nor impede any employees, visitors, or guests; and the Union will cooperate with the Employer's representatives, as it has during past rallies, should there be any concerns about noise, alleged harassment, impacts on the public's health and safety, or any other issues.

While the Employer's Tribal Public Assembly Ordinance cites a portion of 602(o) of the California Penal Code, the Ordinance fails to include the second half of Penal Code section 602(o), which exempts from the trespass statutes "persons engaged in lawful labor union activities which are permitted to be carried on the property by the […] National Labor Relations Act."  As the Union has been bargaining a successor collective bargaining agreement with the Employer for months, whether or not the Tribe issues to the Union

July 7, 2025
Page 3

a permit to assemble under this Ordinance, Union members assembling on Tribal property in engage in free speech and expressive activity in support of collective bargaining efforts are not trespassing under the law.

Pursuant to Section 1.030 of the Tribal Public Assembly Ordinance, the Tribal officials/Employer should issue a permit to the Union "without unreasonable delay," as the Union has met all of the prerequisites for the Employer to issue a permit for all of the reasons set forth above.

Please contact me should you have any questions.

Sincerely,

Alan Crowley

AGC:mc
opeiu 29 afl-cio(1)

160663\1581346

cc: CFO Michael Gorcsynski (Michael.Gorczynski@chukchansigold.com)
    General Manager, BJ Martin (BJ.Martin@Chukchansigold.com)
    HR Director, Christopher Mavroudis (Christopher.Mavroudis@chukchansigold.com)
    Melvin Espe, Vice Chairman to the Tribal Council (Mespe@tcouncil.org; Mespe@chukchansi-nsn.gov)
    Tricia Attard, Executive Assistant to the Tribal Council (Tattard@tcouncil.org)
    Adam Bailey (Abailey@hobbsstraus.com)
    Richard Frye (RFrye@hobbsstraus.com)
    Joseph Webster (JWebster@hobbsstraus.com)
    Enrique Fernandez (Elfernandez@unitehere19.org)
    Tho Do (tdo@unitehere.org)
    Hector Azpilcueta (hazpilcueta@unitehere.org)
    Bill Sokol (BSokol@unioncounsel.net)

# EXHIBIT F

**Richard J. Frye**





**From:** Orianna Walker <owalker@chukchansitribe.net>
**Sent:** Wednesday, July 9, 2025 5:05 PM
**To:** elfernandez@unitehere19.org <elfernandez@unitehere19.org>; acrowley@unioncounsel.net <acrowley@unioncounsel.net>
**Subject:** Required Public Assembly Permit Application

Dear Mr. Fernandez,

I am writing to acknowledge receipt of your letter dated July 7, 2025, regarding UNITE HERE Local 19's Application for a Permit of Public Assembly pursuant to the Picayune Rancheria of the Chukchansi Indians Ordinance No. 0003 (Time, Place, and Manner of Public Assembly Ordinance), as well as your stated objections to the Ordinance.

In accordance with **Ordinance No. 0003, Section 1.020 – Application**, *"An applicant shall submit, no later than seven (7) days prior to the date of the proposed event, a written application for such a permit, in the form prescribed by the Tribe or a duly authorized Tribal official."*

To that end, the correct Public Assembly Permit Application is attached to this email. Please complete the form in full and return it promptly. Be advised that the **date, time, and duration of the proposed event must be clearly specified** in order for the application to be considered.

Should you have any questions or require further assistance, I may be reached at (559) 760-0109 or by email at owalker@chukchansitribe.net.



### Orianna C. Walker

**Interim Deputy TA**
**owalker@chukchansitribe.net,**
**Picayune Rancheria of the Chukchansi Indians**

(559) 840-3453

(559) 760-0109

chukchansi-nsn.gov

49063 Rd 426 Suite H, Oakhurst, CA 93644

P.O. Box 2226, Oakhurst, California, 93644

CONFIDENTIAL: This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended for the sole use of the recipient(s) named above. This email may not be copied, forwarded, reproduced, or printed without the expressed written consent of the sender. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.



## PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS
## PUBLIC ASSEMBLY PERMIT APPLICATION

This form is to be used by persons, organizations, and entities applying for a Public Assembly Permit pursuant to the Ordinance of the Picayune Rancheria of the Chukchansi Indians' Tribal Council Establishing Procedures to Regulate Time, Place and Manner of Public Assembly by Persons, Organizations and Entities on the Picayune Rancheria and Tribal Trust Lands, also known as the "Public Assembly Ordinance." Applicants must complete all applicable fields herein: a failure to include all relevant information may result in a denial of a permit application. **Applications must be submitted at least seven (7) days prior to the beginning date of the proposed event.**

### APPLICANT AND CONTACT INFORMATION

Name of Applicant (*full name required*): _____

Name of Organization/Entity (*if applicable*): _____

Applicant's Mailing Address: _____

Applicant's Phone Number:    (_____) _____ – _____

Applicant's Email Address: _____

### PROPOSED EVENT INFORMATION

Type/Nature of proposed event (e.g., meeting, demonstration, parade): _____

Date of proposed event: _____, 20___ to _____, 20___ (*maximum two days*)

Time of proposed event (*may not extend past sunset*): ___:___ a.m./p.m. to ___:___ a.m./p.m.

Location of proposed event: _____
(*must include street address and any other information sufficient to identify specific location*)

Estimate of number of persons expected to attend: _____

Equipment proposed to be used, if any (e.g., sound amplification devices, signage):

_____

Facilities proposed to be used, if any (e.g, porta-potties, stage, canopy, etc.):

_____

**Applicant's Signature:** _____**Date:** _____

---

Application received on: _____, _____    **INTERNAL USE ONLY**
Application denied / granted on: _____, _____
Signed by: _____    Print: _____    (*rev. 7-2-25*)

# EXHIBIT G

**Richard J. Frye**



1



**From:** Orianna Walker <owalker@chukchansitribe.net>
**Sent:** Friday, July 11, 2025 5:58 PM
**To:** acrowley@unioncounsel.net <acrowley@unioncounsel.net>; elfernandez@unitehere19.org <elfernandez@unitehere19.org>
**Subject:** Fw: Required Public Assembly Permit Application


Dear Mr. Fernandez and Counsel,

Following my previous email regarding the Public Assembly Permit Application, I am resending the application along with the required map attachment for your convenience and reference.

Please ensure the application is fully completed, including specific details for the date, time, and duration of the proposed event, as required under Ordinance No. 0003, Section 1.020. The map should clearly indicate the proposed event location.

Should you have any questions or require assistance, I remain available by phone at (559) 760-0109 or by email at owalker@chukchansitribe.net.

# PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS
# PUBLIC ASSEMBLY PERMIT APPLICATION

This form is to be used by persons, organizations, and entities applying for a Public Assembly Permit pursuant to the Ordinance of the Picayune Rancheria of the Chukchansi Indians' Tribal Council Establishing Procedures to Regulate Time, Place and Manner of Public Assembly by Persons, Organizations and Entities on the Picayune Rancheria and Tribal Trust Lands, also known as the "Public Assembly Ordinance."  Applicants must complete all applicable fields herein: a failure to include all relevant information may result in a denial of a permit application.  **Applications must be submitted at least seven (7) days prior to the beginning date of the proposed event.**

## APPLICANT AND CONTACT INFORMATION

Name of Applicant (*full name required*): _____

Name of Organization/Entity (*if applicable*): _____

Applicant's Mailing Address: _____

Applicant's Phone Number:  (_____) _____ – _____

Applicant's Email Address: _____

## PROPOSED EVENT INFORMATION

Type/Nature of proposed event (e.g., meeting, demonstration, parade): _____

Date of proposed event: _____, 20___ to _____, 20___ (*maximum two days*)

Time of proposed event (*may not extend past sunset)*: ___:___ a.m./p.m. to ___:___ a.m./p.m.

Location of proposed event: _____
(*must include street address and any other information sufficient to identify specific location*)

Estimate of number of persons expected to attend: _____

Equipment proposed to be used, if any (e.g., sound amplification devices, signage):

_____

Facilities proposed to be used, if any (e.g, porta-potties, stage, canopy, etc.):

_____

**Applicant's Signature: _____Date: _____**

Application received on: _____, _____        **INTERNAL USE ONLY**
Application denied / granted on: _____, _____
Signed by: _____  Print: _____        (*rev. 7-2-25*)



Designated Area: Area by the "old valet" heading to Butler

# EXHIBIT H



# OFFICE OF THE SHERIFF

Tyson J. Pogue, Sheriff - Coroner

To:     All Concerned

From:   Sheriff Tyson Pogue

Date:   July 12, 2025

Re:     Tribal Ordinance No. 0003 and UNITE HERE Local 19

---

After reviewing Tribal Ordinance No. 0003, the correspondence from UNITE HERE Local 19, and applicable state and federal law, and in consultation with County Counsel, the Madera County Sheriff's Office will not take enforcement action to remove peaceful labor protestors from the Chukchansi Gold Resort & Casino unless and until a valid **court-issued injunction** is obtained.

While we respect the Tribe's sovereignty and their authority to govern conduct on tribal lands, our deputies are sworn to uphold the laws of the State of California and the Constitution of the United States. **Penal Code section 602(o), which the Tribal Ordinance references as grounds for removal, contains a clear exemption for individuals lawfully engaged in labor union activities**. California courts have consistently upheld these labor rights in quasi-public spaces, including on private property open to the public.

Additionally, 25 U.S.C. § 1322, which governs enforcement authority in Indian Country and is cited in the ordinance, **only permits enforcement when it is "not inconsistent with any civil law of the state."** The Tribe cannot unilaterally enact an ordinance that conflicts with state law or the First Amendment and expect the Madera County Sheriff's Office to enforce it.

If the Casino believes the protest is unlawful under the ordinance, they should seek a court-issued injunction, which would clarify whether and to what extent MSO has legal authority to act. Until such time, non-enforcement remains the most legally sound and prudent course of action. Deputies will be present to ensure public safety and intervene only if there is a breach of the peace or clear violation of criminal law.

No other employer in the State of California has the authority to unilaterally ban labor protestors from its property under these circumstances. The union appears fully prepared to litigate this matter, and absent a clear judicial directive, we will not place this office or our deputies in legal jeopardy by acting outside the scope of our authority.

---

📞 (559) 675-7770     📍 2725 Falcon Drive, Madera, CA 93637     🖥 Sheriff@MaderaCounty.com

**At this time, the protests have been peaceful, non-violent, and do not present any public safety concerns.**

We remain committed to maintaining a cooperative and respectful relationship with the Tribe. Our decision is rooted solely in legal obligations and constitutional considerations, not in opposition to tribal governance. We are always open to continued dialogue and collaboration to ensure the safety and well-being of all parties involved.

Sincerely,

Tyson J. Pogue, Sheriff-Coroner

# EXHIBIT I

**Richard J. Frye**



1



**From:** Orianna Walker <owalker@chukchansitribe.net>
**Sent:** Friday, July 18, 2025 5:32 PM
**To:** elfernandez@unitehere19.org <elfernandez@unitehere19.org>;
acrowley@unioncounsel.net <acrowley@unioncounsel.net>
**Cc:** Sharol McDade <smcdade@chukchansi-nsn.gov>
**Subject:** Temporary Public Assembly Permit – Additional Documentation Required


Good afternoon Mr. Fernandez,

Attached please find a **Temporary Public Assembly Permit**
**(Permit No. 2025-PA-001)** authorizing UNITE HERE Local 19 to assemble on Tribal lands
from **12:00 a.m. on July 19 to 11:59  p.m. on July 21, 2025**.

Please note that this permit is issued on a **temporary** basis pending receipt of the following
items:

1.  **Completed Public Assembly Permit Application** (blank form attached)

For your reference, we have also included:

- **Map** outlining the designated assembly area pursuant to Ordinance No. 003, §1.050

- **Ordinance No. 003** (Regulating Time, Place, and Manner of Public Assembly)

If you have any questions or require assistance, please feel free to contact me at 559-760-0109 or reply to this email.

Thank you for your prompt attention.

**Orianna C. Walker**

owalker@chukchansitribe.net,
**Picayune Rancheria of the Chukchansi Indians**

☎ (559) 840-3453
☐ (559) 760-0109
🌐 chukchansi-nsn.gov
📍 49063 Rd 426 Suite H, Oakhurst, CA 93644
📫 P.O. Box 2226, Oakhurst, California, 93644

CONFIDENTIAL: This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended for the sole use of the recipient(s) named above. This email may not be copied, forwarded, reproduced, or printed without the expressed written consent of the sender. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.